**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
        jsmith@bursor.com
        ykrivoshey@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone; (619)272-7014
Facsimile: (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GASSER, NORIKO IKEDA, and MELINDA KELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>KISS MY FACE, LLC,<br><br>Defendant. | Case No. 3:17-cv-01675-JSC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Andrew Gasser, Noriko Ikeda, and Melinda Kelly (collectively, "Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Kiss My Face, LLC ("Kiss My Face" or "Defendant"). Plaintiffs make the following allegations based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## INTRODUCTION

1. Defendant markets itself as a "pioneer" in the area of "natural cosmetics," and "a respected leader in natural body care with over 100 naturally effective bath and body products sold in over 19 countries worldwide." Among other purportedly "natural" products, Defendant manufactures, distributes, advertises and sells Kiss My Face brand skin care products, including Kiss My Face® 2-in-1 Deep Moisturizing Body Lotion ("KMF Body Lotion"); Kiss My Face® Bath and Body Wash ("KMF Body Wash"); and Kiss My Face® Sun Spray Lotion and Kids Defense Lotion ("KMF Sunscreen" and collectively, "the Products").

2. Consistent with Defendant's self-promotion as a leader in natural cosmetics, the front packaging of every KMF Body Lotion and KMF Body Wash product states in prominent, bold lettering "**nourish naturally**." To reinforce the message that the Products are natural products, the front packaging of every Product displays pictures of leaves and flowers and highlights the Product's "botanical blends," while the back labeling states that the Products are "naturally effective."

3. The front packaging of every KMF Sunscreen states that the Products are "obsessively natural" and provide "100% natural mineral advanced protection," or that they provide a "100% natural mineral hydrating defense."

4. Contrary to the labeling, however, every purportedly natural Product contains phenoxyethanol and/or ethylhexylglycerin. In April 2016, the Federal Trade Commission ("FTC") filed complaints against three cosmetics manufacturers for representing that their products were

AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
Case No. 3:17-cv-01675-JSC                                                                                          1

1  "natural" when they contained one or both of those two ingredients.  All three companies agreed to

2  cease marketing the products in question as being "natural."[1]

3        5.     Plaintiffs and members of the classes described below paid a premium for

4  Defendant's Products over comparable products that did not purport to be natural products.  Contrary

5  to representations on the Products' labeling, instead of receiving natural products, consumers receive

6  products with unnatural and/or synthetic ingredients.

7        6.     Defendant's representation that the Products are "natural" is unfair, unlawful, and

8  fraudulent conduct, is likely to deceive members of the public, and continues to this day.  As such,

9  Defendant's practices violate California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et*

10 *seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

11 ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*

12 ("FAL"), as well as New York's Deceptive Acts and Practices and False Advertising Laws, N.Y.

13 Gen. Bus. Law §§ 349, 350 ("GBL").  Plaintiffs also bring claims for fraud, unjust enrichment and

14 breach of express warranty.

## JURISDICTION AND VENUE

16       7.     This Court has personal jurisdiction over Defendant.  Defendant purposefully avails

17 itself of the California consumer market and distributes the Products to hundreds of locations

18 within this County and thousands of retail locations throughout California, where the Products are

19 purchased by thousands of consumers every day.

20       8.     This Court has original subject-matter jurisdiction over this proposed class action

21 pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act

22 ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action

23 in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class

24 is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum

25 of $5,000,000.00, exclusive of interest and costs.  Plaintiffs allege that the total claims of individual

---

[1] https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falsely-promoting-their-personal-care (last visited March 21, 2017).

1  members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the
2  aggregate, exclusive of interest and costs.

3        9.      Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in
4  furtherance of the alleged improper conduct, including the dissemination of false and misleading
5  information regarding the nature, quality, and/or ingredients of the Products, occurred within this
6  District.

**PARTIES**

8        10.     Plaintiff Andrew Gasser is a citizen of California, residing in San Francisco.  In the
9  last approximately two years, Mr. Gasser made several purchases of KMF Body Lotion from
10 various stores in and near San Francisco, California.  Prior to purchasing KMF Body Lotion, Mr.
11 Gasser saw and read the front of the product packaging, and relied on the representation and
12 warranty that the product would "nourish naturally."  Prior to purchasing, Mr. Gasser also saw,
13 read and relied on the representation and warranty that the product was "naturally effective."  Mr.
14 Gasser understood these representations to mean that KMF Body Lotion did not contain synthetic
15 chemicals.  Mr. Gasser purchased KMF Body Lotion at a substantial price premium, and would not
16 have bought the product had he known that the labeling he relied on was false, misleading,
17 deceptive and unfair.

18       11.     Mr. Gasser would purchase the Products again in the future if Defendant changed
19 the composition of the Products so that they conformed to their "natural" labeling and marketing.

20       12.     Plaintiff Noriko Ikeda is a citizen of California, residing in Orange County,
21 California.  Since 2016, Ms. Noriko has made several purchases of KMF Sunscreen and KMF
22 Body Wash in and near Orange County, California.  Prior to purchasing KMF Sunscreen, Ms.
23 Ikeda read and saw the front of the product packaging, and relied on the representation and
24 warranty that the product was "obsessively natural" and provided "100% natural mineral advanced
25 protection," or provided a "100% natural mineral hydrating defense."  Prior to purchasing KMF
26 Body Wash, Ms. Ikeda saw and read the front of the product packaging, and relied on the
27 representation and warranty that the product would "nourish naturally."  Ms. Ikeda understood

these representations to mean that KMF Sunscreen and KMF Body Wash did not contain synthetic chemicals.  Ms. Ikeda purchased KMF Sunscreen and KMF Body Wash at a substantial price premium, and would not have bought the product had she known that the labeling she relied on was false, misleading, deceptive and unfair.

13. Ms. Ikeda would purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their "natural" labeling and marketing.

14. Plaintiff Melinda Kelly is a citizen of New York, residing in Long Island, New York.  In the last approximately three years, Ms. Kelly made several purchases of KMF Body Lotion from various stores in and near Long Island, New York.  Prior to purchasing KMF Body Lotion, Ms. Kelly saw and read the front of the product packaging, and relied on the representation and warranty that the product would "nourish naturally."  Prior to purchasing, Ms. Kelly also saw, read and relied on the representation and warranty that the product was "naturally effective."  Ms. Kelly understood these representations to mean that KMF Body Lotion did not contain synthetic chemicals.  Ms. Kelly purchased KMF Body Lotion at a substantial price premium, and would not have bought the product had she known that the labeling she relied on was false, misleading, deceptive and unfair.

15. Ms. Kelly would purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their "natural" labeling and marketing.

16. Defendant Kiss My Face, LLC is a New York Limited Liability Corporation that has its principal place of business at 144 Main St., Gardiner, New York.

17. Defendant produces, markets and distributes various consumer skin care and hygiene products in retail stores across the United States.  Among others, those products include KMF Body Lotion, KMF Body Wash, and KMF Sunscreen (the "Products").  Defendant knew that the labeling of the Products is false and misleading to a reasonable consumer, because the Products contain phenoxyethanol and/or ethylhexylglycerin, which are inconsistent with the product labeling.

//

**FACTS COMMON TO ALL CAUSES OF ACTION**

18. Consumers have become increasingly concerned about the effects of synthetics and chemical ingredients in cosmetic products. As a result, consumers are willing to pay, and have paid, a premium for products labeled "natural" over ordinary products that contain synthetic ingredients.

19. The FTC has warned marketers that the use of the term "natural" may be deceptive:

> Marketers that are using terms such as natural must ensure that they can substantiate whatever claims they are conveying to reasonable consumers. If reasonable consumers could interpret a natural claim as representing that a product contains no artificial ingredients, then the marketer must be able to substantiate that fact.[2]

20. Likewise, the Food and Drug Administration ("FDA") warns that any "natural" labeling on cosmetic products must be "truthful and not misleading."[3]

21. Kiss My Face is a brand of skin care and hygiene products manufactured and marketed by Defendant and sold in drug and grocery stores nationwide. On its website, Defendant touts that "[f]or 35 years, Kiss My Face has been striving to give you naturally effective skin care and body products, using natural ingredients while maintaining a healthy respect for our planet. And to this day, we are obsessively passionate about staying true to our values."[4]

22. KMF Body Lotion comes in six varieties, all of which contain phenoxyethanol and/or ethylhexylglycerin: Olive & Aloe®, Vitamin A & E™, Honey & Calendula™, Tropical Coconut™, Peaches & Créme®, and Lavender Shea™.

23. KMF Body Wash comes in eight varieties, all of which contain phenoxyethanol and/or ethylhexylglycerin: Active Athletic®, Anti-Stress™, Cold & Flu®, Peaceful Patchouli®, Early to Bed®, Early to Rise®, Silky Soft™, and Tropical Indulgence.

---

[2] 75 Fed. Reg. 63552, 63586 (Oct. 15, 2010).
[3] FDA, Small Business & Homemade Cosmetics: Fact Sheet, *available at* http://www.fda.gov/Cosmetics/ResourcesForYou/Industry/ucm388736.htm#7.
[4] http://kissmyface.com/ (last visited June 6, 2017).

24. The front label of every KMF Body Lotion and KMF Body Wash package states prominently in bold lettering the words **"nourish naturally"**:




25. Some of the KMF Body Lotion and KMF Body Wash products are labeled with the alternative phrase, "naturally nourishing."

26. The KMF Body Lotion and KMF Body Wash have been labeled "nourish naturally" and/or "naturally nourishing" at all times during the last four years, at least. The KMF Body Lotion also has been labeled "naturally effective" during the last four years.

27. Based on the language that appears on the front of each product, Plaintiffs reasonably believed that KMF Body Lotion and KMF Body Wash contained only natural ingredients.

28. The phrase "nourish naturally" (or "naturally nourishing") is a representation to a reasonable consumer that KMF Body Lotion and KMF Body Wash contain only natural ingredients. The phrase is misleading to a reasonable consumer because KMF Body Lotion and KMF Body Wash actually contain unnatural and synthetic ingredients.

29. As for KMF Sunscreen, Defendant prominently displays that the Products are "obsessively natural" and provide "100% natural mineral advanced protection," or provide a "100% natural mineral hydrating defense":




30. The phrases "obsessively natural," "100% natural mineral advanced protection," and "100% natural mineral hydrating defense" are representations to a reasonable consumer that KMF

1    Sunscreen contains only natural ingredients.  These phrases are misleading to a reasonable consumer

2    because KMF Sunscreen actually contains unnatural and synthetic ingredients.

3        31.    The KMF Sunscreen Products have been labeled "obsessively natural" and "100%

4    natural mineral advanced protection," or "100% natural mineral hydrating defense" at all times

5    during the last four years, at least.

6        32.    Based on the language that appears on the front of each product, Plaintiff Ikeda

7    reasonably believed that KMF Sunscreen contained only natural ingredients.

8        33.    Defendant knew that consumers will pay more for a product labeled "natural," and

9    intended to deceive Plaintiffs and putative class members by labeling KMF Body Lotion, KMF Body

10   Wash, and KMF Sunscreen as purportedly natural products.

## CLASS ALLEGATIONS

34.    Plaintiffs seek to represent a class defined as all persons in the United States who purchased the Products during the class period (the "Class").  Excluded from the Class are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

35.    Plaintiffs Gasser and Ikeda also seek to represent a Subclass of all persons in California who purchased the Products during the class period (the "California Subclass").  Excluded from the California Subclass are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

36.    Plaintiff Kelly also seeks to represent a Subclass of all persons in New York who purchased the Products during the class period (the "New York Subclass").  Excluded from the New York Subclass are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

37.    There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the putative classes

that predominate over questions that may affect individual Class members include, but are not limited to the following:

    a.    whether Defendant misrepresented material facts concerning the Products on the label of every product;

    b.    whether Defendant's conduct was unfair and/or deceptive;

    c.    whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon them by Plaintiffs and the classes;

    d.    whether Defendant breached express warranties to Plaintiffs and the classes;

    e.    whether Plaintiffs and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

38. Plaintiffs' claims are typical of those of other class members because Plaintiffs, like all members of the classes, purchased Defendant's Products bearing the natural representations and Plaintiffs sustained damages from Defendant's wrongful conduct.

39. Plaintiffs will fairly and adequately protect the interests of the classes and have retained counsel that is experienced in litigating complex class actions. Plaintiffs have no interests which conflict with those of the classes.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

42. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
Case No. 3:17-cv-01675-JSC

9

example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the classes even where certain Class members are not parties to such actions.

## COUNT I
### Violation Of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*

43. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

44. Plaintiffs Gasser and Ikeda bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

45. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

46. Plaintiffs Gasser and Ikeda and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

47. Plaintiffs Gasser and Ikeda, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

48. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

49. As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiffs Gasser and Ikeda and the other members of the California Subclass that the Products are "natural" when in fact they are made with synthetic ingredients.

50. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

51. On February 3, 2017, Plaintiff Gasser mailed a notice letter to Defendant consistent with California Civil Code § 1782(a), and Defendant received the letter on February 7, 2017. The letter was sent on behalf of Gasser and all other persons similarly situated. In addition, the declaration establishing venue was submitted and previously attached to the original complaint filed in this case.

52. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiffs Gasser and Ikeda, on behalf of themselves and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT II
### Violation Of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*

53. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

54. Plaintiffs Gasser and Ikeda bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

55. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

56. Defendant violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, as alleged herein.

57. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

58. Defendant violated the "fraudulent" prong of the UCL by misrepresenting that the Products are "natural" when, in fact, they are made with synthetic ingredients.

59. Plaintiffs Gasser and Ikeda and the California Subclass lost money or property as a result of Defendant's UCL violations because: because: (a) they would not have purchased the Products on the same terms if they knew that the Products were made with unnatural and synthetic ingredients (b) they paid a substantial price premium compared to other skin care and hygiene products due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

**COUNT III**
**Violation Of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500,** *et seq.*

60. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

61. Plaintiffs Gasser and Ikeda bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

62. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

63. Defendant committed acts of false advertising, as defined by §§17500, *et seq.*, by misrepresenting that the Products are "natural" when they are not.

64. Defendant knew or should have known through the exercise of reasonable care that their representations about the Products were untrue and misleading.

65. Defendant's actions in violation of §§ 17500, *et seq.* were false and misleading such that the general public is and was likely to be deceived. Plaintiffs Gasser and Ikeda and the California Subclass lost money or property as a result of Defendant's FAL violations because: (a) they would not have purchased the Products on the same terms if they knew that the Products were

made with unnatural and synthetic ingredients; (b) they paid a substantial price premium compared to other skin care and hygiene products due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT IV
### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

66. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

67. Plaintiff Kelly brings this claim individually and on behalf of the New York Subclass against Defendant.

68. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that the Products are "natural," when, in fact, the Products contain synthetic and/or unnatural chemicals.

69. The foregoing deceptive acts and practices were directed at consumers.

70. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of the Products to induce consumers to purchase the same.

71. Plaintiff Kelly and New York Subclass members were injured as a direct and proximate result Defendant's violation because (a) they would not have purchased Defendant's Products had they known the products were not "natural" and in fact contained synthetic and/or unnatural chemicals, (b) they overpaid for the Products because they are sold at a price premium when compared to similar products that do not contain these misrepresentations, and (c) the Products did not have the characteristics, uses, or benefits as promised, namely that they were "natural." As a result, Plaintiff Kelly and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Product or in the difference in value between the Product as warranted and the Product as actually sold.

72. On behalf of herself and other members of the New York Subclass, Plaintiff Kelly seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

# COUNT V
### (False Advertising, New York Gen. Bus. Law § 350)

73. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

74. Plaintiff Kelly brings this claim individually and on behalf of the members of the proposed New York Subclass.

75. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that the Products were "natural" when, in fact, they contained synthetic and/or unnatural chemicals.

76. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

77. This misrepresentation has resulted in consumer injury or harm to the public interest.

78. Plaintiff Kelly and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Defendant's Products had they known the products were not "natural" and in fact contained synthetic and/or unnatural chemicals, (b) they overpaid for the Products because they are sold at a price premium when compared to similar products that do not contain these misrepresentations, and (c) the Products did not have the characteristics, uses, or benefits as promised, namely that they were "natural."  As a result, Plaintiff Kelly and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Product or in the difference in value between the Product as warranted and the Product as actually sold.

79. On behalf of herself and other members of the New York Subclass, Plaintiff Kelly seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

//

## COUNT VI
## Breach of Express Warranty

80. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

81. Plaintiffs bring this claim individually and on behalf of the proposed Class, California Subclass, and New York Subclass against Defendant.

82. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the Products are "natural."

83. Defendant's express warranties, and its affirmations of fact and promises made to Plaintiffs and the Class regarding the Products, became part of the basis of the bargain between Defendant and Plaintiffs and the Class, thereby creating an express warranty that the Products would conform to those affirmations of fact, representations, promises, and descriptions.

84. The Products do not conform to the express warranty because they contain ingredients that are unnatural and synthetic.

85. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiffs and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew the truth about the Products' unnatural ingredients; (b) they paid a substantial price premium based on Defendant's express warranties; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT VII
## Unjust Enrichment

86. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

87. Plaintiffs bring this claim individually and on behalf of the proposed Class, California Subclass, and New York Subclass against Defendant.

88. Plaintiffs and class members conferred benefits on Defendant by purchasing the Products.

89. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs' and class members' purchases of the Products. Retention of those monies under these circumstances is unjust and inequitable because of Defendant's misrepresentations about the Products, which caused injuries to Plaintiffs and members of the classes because they would not have purchased the Products if the true facts had been known.

90. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for their unjust enrichment, as ordered by the Court.

## COUNT VIII
### Fraud

91. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

92. Plaintiffs bring this claim individually and on behalf of the proposed Class, California Subclass, and New York Subclass against Defendant.

93. As discussed above, Defendant provided Plaintiffs and Class members with false or misleading material information about the Products by representing that they are "natural." Defendant made that misrepresentation knowing it was false.

94. Defendant's misrepresentations, upon which Plaintiffs and class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and class members to purchase the Products.

95. Defendant's fraudulent actions harmed Plaintiffs and class members, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and members of the Class, California Subclass, and New York Subclass as follows:

A. For an order certifying the nationwide Class, California Subclass and New York Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiffs

        as Class and Subclass representatives; and naming Plaintiffs' attorneys as Class Counsel representing the Class and Subclass members;

B.     For an order finding in favor of Plaintiffs, the nationwide Class, the California Subclass, and the New York Subclass on all counts asserted herein;

C.     For an order awarding statutory, compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

D.     For injunctive relief enjoining the illegal acts detailed herein;

E.     For prejudgment interest on all amounts awarded;

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For an order awarding Plaintiffs their reasonable attorneys' fees and expenses and costs of suit.

### JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

Dated: June 9, 2017                      Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Joel D. Smith*
         Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
       jsmith@bursor.com
       ykrivoshey@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone: (619)272-7014
Facsimile: (619)330-1819
E-Mail: rnathan@nathanlawpractice.com