**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         ykrivoshey@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone; (619)272-7014
Facsimile:  (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GASSER, NORIKO IKEDA, and MELINDA KELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>KISS MY FACE LLC,<br><br>Defendant. | Case No.  3:17-cv-01675-JSC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR STAY**<br><br>Date:   August 24, 2017<br>Time:   9:00 a.m.<br>Court:  Courtroom No. F, 15th floor |

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................1

III. ARGUMENT ........................................................................................................................2

    A. The FDA's Request for Comments Applies Only to Food, And Speculation That The FDA Might Later Provide Guidance On Cosmetics Cannot Support A Stay ........................................................................3

    B. Defendant Acknowledges That Courts Adjudicating Challenges To "Natural" Labeling Of Cosmetics Have Denied Motions To Stay Under The Primary Jurisdiction Doctrine ...............................................................5

    C. The *Syntek* Factors Weigh Against A Stay..................................................................7

IV. CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ..................................................................................... 4, 5, 7, 8

*Balser v. Hain Celestial Grp., Inc.*,
    2013 WL 6673617 (C.D. Cal. Dec. 18, 2013) ........................................................................ 6

*Balser v. Hain Celestial Grp., Inc.*,
    640 Fed. Appx. 694 (9th Cir. 2016) ....................................................................................... 6

*Brazil v. Dole Packaged Foods, LLC*,
    660 Fed. Appx. 531 (9th Cir. 2016) ............................................................................. 1, 7, 10

*Brenner v. Proctor & Gamble Co.*,
    2016 WL 8192946 (C.D. Cal. Oct. 20, 2016) ................................................................ 1, 6, 7

*Chacanaca v. Quaker Oats Co.*,
    752 F. Supp. 2d 1111 (N.D. Cal. 2010) ................................................................................. 9

*Clark v. Time Warner Cable*,
    523 F.3d 1110 (9th Cir. 2008) ............................................................................................... 8

*Delacruz v. Cytosport*,
    2012 WL 2563857 (N.D. Cal. June 28, 2012) ....................................................................... 9

*Fagan v. Neutrogena Corp.*,
    2014 WL 92255 (C.D. Cal. Jan. 8, 2014) .............................................................................. 6

*Goldemberg v. Johnson & Johnson Cons. Cos., Inc.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ....................................................................................... 6

*Johnson v. Triple Leaf Tea Inc.*,
    2014 WL 4744558 (N.D. Cal. Sept. 23, 2014) ...................................................................... 9

*Jones v. ConAgra Foods, Inc.*,
    912 F. Supp. 2d 889 (N.D. Cal. 2012) ................................................................................... 9

*Kane v. Chobani, LLC*,
    645 Fed. App'x 593 (9th Cir. 2016) ................................................................................... 6, 7

*Langan v. Johnson & Johnson Consumer Co., Inc.*,
    95 F. Supp. 3d 284 (D. Conn. 2015) ..................................................................................... 6

*Martin v. Tradewinds Bev. Co.*,
    2017 WL 1712533 (C.D. Cal. Apr. 27, 2017) ....................................................................... 7

*Nader v. Allegheny Airlines, Inc.*,
    426 U.S. 290 (1976) ............................................................................................................... 9

*Rahman v. Mott's LLP*,
   2014 WL 1379655 (N.D. Cal. Apr. 8, 2014) ............................................................................. 4

*Reid v. Johnson & Johnson*,
   780 F.3d 952 (9th Cir. 2015) ................................................................................................... 8

*Rhoades v. Avon Prod., Inc.*,
   504 F.3d 1151 (9th Cir. 2007) ............................................................................................ 3, 8

*Segedie v. Hain Celestial Grp., Inc.*,
   2015 WL 2168374 (S.D.N.Y. May 7, 2015) ............................................................................ 6

*Syntek Semiconductor Co. v. Microchip Tech. Inc.*,
   307 F.3d 775 (9th Cir. 2002) ................................................................................................... 8

*Thurston v. Bear Naked, Inc.*,
   2012 WL 12845621 (S.D. Cal. July 16, 2012) ........................................................................ 9

*United States v. Philip Morris USA Inc.*,
   686 F.3d 832 (D.C. Cir. 2012) ................................................................................................ 8

**REGULATIONS**

58 Fed. Reg. 2302407 (Jan. 6, 1993) ............................................................................................. 4

75 Fed. Reg. 63552586 (Oct. 15, 2010) .................................................................................... 5, 8

80 Fed. Reg. 69905 (Nov. 12, 2015) ............................................................................................. 2

## I. INTRODUCTION

This is a case about misleading "natural" labeling on cosmetics. Defendant Kiss My Face LLC asks this Court to stay this case indefinitely pursuant to the primary jurisdiction doctrine based on speculation that the Food and Drug Administration ("FDA") will, at some unspecified time in the future, issue regulations governing "natural" labeling on *food*, and then based on that action take additional unspecified action governing *cosmetics*. Mtn. to Stay, at 1 (ECF No. 31). Numerous courts addressing this issue in the context of natural labeling on cosmetics have denied motions to stay because the FDA has expressed no interest regulating that issue. *E.g.*, *Brenner v. Proctor & Gamble Co.*, 2016 WL 8192946, at *8 (C.D. Cal. Oct. 20, 2016) ("Defendant requests a stay of this suit under the primary jurisdiction doctrine until the FDA releases guidance regulating "natural" labels on cosmetics. . . . The Court finds it unwarranted to indefinitely stay this action pending guidance that the FDA has expressed no immediate interest in issuing."). In its motion, Defendant fails to cite a single contrary case ultimately granting a stay in the context of cosmetic labeling.

Defendant also overlooks that in most of the decisions it cites concerning food labeling, the courts later lifted the stay after the FDA advised that "even if we were to embark on a public process to define 'natural' in the context of food labeling, there is no assurance that we would revoke, amend or add to the current policy, or develop any definition at all." Jan. 6, 2014, FDA Letter to Judges Gonzales Rogers, White, and McNulty (Plaintiffs' RJN, Ex. 8). Further, the Ninth Circuit's most recent decision to address the primary jurisdiction doctrine, *Brazil v. Dole Packaged Foods, LLC*, 660 Fed. Appx. 531 (9th Cir. 2016), involved "natural" labeling and was issued long after the FDA's request for comments. There, the Ninth Circuit affirmed the lower court's denial of a motion to stay the case under that doctrine. *Id.* at 533. In short, there is no basis to invoke the primary jurisdiction doctrine.

## II. FACTUAL BACKGROUND

Defendant markets itself as a "pioneer" in the area of "natural cosmetics," and "a respected leader in natural body care with over 100 naturally effective bath and body products sold in over 19 countries worldwide." Plaintiffs' First Amended Complaint ("FAC") ¶ 1. Among other purportedly

"natural" products, Defendant manufactures, distributes, advertises and sells Kiss My Face brand skin care products, including Kiss My Face® 2-in-1 Deep Moisturizing Body Lotion ("KMF Body Lotion"); Kiss My Face® Bath and Body Wash ("KMF Body Wash"); and Kiss My Face® Sun Spray Lotion and Kids Defense Lotion ("KMF Sunscreen" and collectively, "the Products"). *Id.*

Consistent with Defendant's self-promotion as a leader in natural cosmetics, the front packaging of every KMF Body Lotion and KMF Body Wash product states in prominent, bold lettering "nourish naturally." *Id.* ¶ 2. To reinforce the message that the Products are natural products, the front packaging of every Product displays pictures of leaves and flowers and highlights the Product's "botanical blends," while the back labeling states that the Products are "naturally effective." *Id*. The front packaging of every KMF Sunscreen states that the Products are "obsessively natural" and provide "100% natural mineral advanced protection," or that they provide a "100% natural mineral hydrating defense." *Id.* ¶ 3.

Contrary to the labeling, however, every purportedly natural Product contains phenoxyethanol and/or ethylhexylglycerin. *Id.* ¶ 4. In April 2016, the Federal Trade Commission ("FTC") filed complaints against three cosmetics manufacturers for representing that their products were "natural" when they contained one or both of those two ingredients. *Id*. All three companies agreed to cease marketing the products in question as being "natural." *Id*.

### III. ARGUMENT

Defendant asks the Court to stay this action indefinitely based on the FDA's November, 12 2015 Request for Comments on the Use of the Term "Natural" on Food Labeling. Ex. 1 to Diesch Decl. (Doc. No. 32-1); *see also* Use of the Term "Natural" in the Labeling of Human Food Products, 80 Fed. Reg. 69905 (Nov. 12, 2015) ("Request for Comments") (Plaintiffs' RJN, Ex. 1). According to Defendant, "[a]lthough the FDA's Natural Request and rulemaking regarding use of the term 'natural' is specifically directed to food … the FDA's rulemaking will likely provide guidance and standards by which to evaluate the ingredients challenged in this matter." Mtn. to Stay, at 4:3-6. But, as numerous courts have explained when rejecting the same argument, the FDA has never stated any intention of defining the term "natural" in cosmetics labeling (and has not taken any action on "natural"

food labeling since taking comments on that issue in November 2015).  As set forth below, Defendant's arguments lack merit and should be rejected.

### A. The FDA's Request for Comments Applies Only to Food, And Speculation That The FDA Might Later Provide Guidance On Cosmetics Cannot Support A Stay

The FDA's November, 12 2015 Request for Comments is irrelevant and cannot support a stay for two reasons.

First, the request concerns "the use of the term 'natural' in the labeling of *human food products*," and makes no reference to cosmetics.  *See* Request for Comments (Plaintiffs' RJN, Ex. 1).  The FDA is clearly aware of the controversy surrounding "natural" branded cosmetics, but has chosen not to prioritize the issuance of any definition of the term.  Notably, the FDA published a "Fact Sheet" on its website addressing "natural" labeling on cosmetics, which warns against false labeling of cosmetics as "natural" but does not say that the FDA's November 2015 Request for Comments will affect that issue.  FDA, Small Business & Homemade Cosmetics:  Fact Sheet, p.4 (Plaintiffs' RJN, Ex. 6).  Furthermore, the FDA reiterates that the agency "has not defined the term 'natural' and has not established a regulatory definition for this term in cosmetic labeling." *Id.*  This conscious inaction by the FDA demonstrates that staying this case indefinitely would not serve the efficiency principle underlying the primary jurisdiction doctrine, as the Request for Comments is not relevant here.  *See Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007) ("the deciding factor should be efficiency" when evaluating the primary jurisdiction doctrine).

For the same reasons, Defendant's references to decisions staying cases related to "natural" *food* claims pending the outcome of these FDA proceedings are of little relevance to this suit about Kiss My Face *body lotion, body wash, and sunscreen products.*  Defendant has not cited a single case where a district court stayed a case relating to a "natural" label on a cosmetic under the primary jurisdiction doctrine pending the outcome of the FDA's Request for Comments (which were initiated more than a year and a half ago).  And, as shown in Section III(B) below, numerous courts adjudicating claims challenging natural labeling on cosmetic products have concluded that the FDA's 2015 Request for Comments does not support a stay.

1    <u>Second</u>, Defendant's request for a stay is based solely on speculation that the FDA's November 2015 Request for Comments about food labeling could prompt the FDA to take some unspecified action regarding cosmetic labeling.  But that is an inappropriate basis for a stay.  *See Rahman v. Mott's LLP*, 2014 WL 1379655, at *3 (N.D. Cal. Apr. 8, 2014) ("The Court declines to invoke the doctrine of primary jurisdiction based on speculation about what the FDA may do in the future").  And the Ninth Circuit has warned against lengthy stays that "needlessly delay resolution of the claims" or that "would significantly postpone a ruling that a court is otherwise competent to make." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760–61 (9th Cir. 2015).

These principles weigh against a stay because it is speculative whether the FDA's request for comments will result in any rulemaking with respect to food labeling (much less cosmetics), and even if it did, that process would take years to complete.  The FDA already has a long-standing informal policy defining the term "natural" in the context of food labeling,[1] and the first question raised in the FDA's Request for Comments is: "Should we define, through rulemaking, the term 'natural?' Why or why not?" Request for Comments, at 69908 (Plaintiffs' RJN, Ex. 1).  Hence, the FDA could decline to take any action at all.

Notably, on January 6, 2014, the FDA sent a letter to three federal judges adjudicating "natural" food lawsuits that had previously been stayed under the primary jurisdiction doctrine.  Jan. 6, 2014, FDA Letter to Judges Gonzales Rogers, White, and McNulty (Plaintiffs' RJN, Ex. 8).  In that letter, the FDA described the many issues that it would have to consider in creating a formal definition for "natural," from genetic engineering to certain processing technologies to First Amendment considerations.  The FDA stated that as a result, "even if we were to embark on a public process to define 'natural' in the context of food labeling, <u>there is no assurance that we would revoke, amend or add to the current policy, or develop any definition at all</u>." *Id.* at p.2 (emphasis added).  After receiving that letter, all three courts lifted the stay. *See Barnes v. Campbell Soup Co.*, N.D. Cal. Case No. 3:12-cv-05185 (Dkt. No. 58); *Cox v. Gruma Corp.*, N.D. Cal. Case No. 4:12-cv-

---

[1] Since at least 1993, the FDA has informally defined "natural" in the context of food labeling to mean "that nothing artificial or synthetic . . . has been included in, or added to, a food that would not normally be expected to be in the food.  58 Fed. Reg. 2302, at 2407 (Jan. 6, 1993); *see also* Request for Comments, at 69906 (Plaintiffs' RJN, Ex. 1) (referencing informal policy on "natural" labeling).

06502 (Dkt. No. 71); *In re Gen. Mills, Inc. Kix Cereal Litig.*, D.N.J Case No. 2:12-cv-00249 (Dkt. No. 98) (lifting stay after receipt of the Jan. 6, 2014 FDA letter) (Plaintiffs' RJN, Exs. 6-8).  Yet Defendant erroneously cites these same three decisions in support of its motion to stay.

      Finally, Defendant's position is further speculative because, as noted in Plaintiffs' First Amended Complaint, the Federal Trade Commission ("FTC") already determined that phenoxyethanol and ethylhexylglycerin are not natural chemicals, and filed complaints against cosmetics manufacturers for representing that their products were "natural" when they contained those ingredients.  FAC ¶ 6.  *See also* 75 Fed. Reg. 63552, at 63586 (Oct. 15, 2010) ("If reasonable consumers could interpret a natural claim as representing that a product contains no artificial ingredients, then the marketer must be able to substantiate that fact.").  Thus, the FTC has already taken action on this matter, and it is speculative that the FDA would take action contradicting the FTC.

      **B.**    **Defendant Acknowledges That Courts Adjudicating Challenges To "Natural" Labeling Of Cosmetics Have Denied Motions To Stay Under The Primary Jurisdiction Doctrine**

      Defendant's primary jurisdiction argument is refuted by *Astiana*, where the court denied a motion to stay based on the primary jurisdiction doctrine.  Like here, the plaintiff in *Astiana* challenged cosmetic products with "natural" labeling.  *Astiana*, 783 F.3d at756.  On appeal, the Ninth Circuit instructed the district court to determine whether a stay under the primary jurisdiction doctrine was warranted based on whether a stay "would needlessly delay resolution of claims," "whether the parties would be unfairly disadvantaged" by a stay, and whether any actions taken by the FDA during the pendency of the appeal had "changed the calculus" about whether a stay was needed.  *Id*. at 756, 760, 762.

      On remand, the district court denied the motion to stay based on the primary jurisdiction doctrine after concluding that "formal referral [to the FDA] would be futile."  *Astiana v. Hain Celestial Group, Inc.*, N.D. Cal. Case No. 4:11-cv-06342, October 9, 2015 Order On Motion to Stay, at 3 ("*Astiana* Stay Order") (Plaintiffs' RJN, Ex. 2).  In reaching that conclusion, the district court relied on a letter from the FDA to the plaintiff's counsel stating, "'we respectfully decline to make a

determination regarding the term 'natural' in cosmetic labeling at this time.'" *Id.* at 2:24-25 (quoting FDA letter); *see also* March 7, 2013 FDA letter quoted in *Astiana* Stay Order (Plaintiffs' RJN, Ex. 7).

*Astiana* is one many decisions denying motions to stay actions challenging cosmetics that were mislabeled as "natural" on the basis of primary jurisdiction. *See Brenner*, 2016 WL 8192946, at *8 (primary jurisdiction doctrine did not warrant a stay in case challenging "natural" diaper wipes made with the same challenged ingredient here, phenoxyethanol); *Fagan v. Neutrogena Corp.*, 2014 WL 92255, at *1 (C.D. Cal. Jan. 8, 2014) (denying a motion to stay action challenging Neutrogena sunscreen labeled "100% naturally sourced" because the "FDA has affirmed that proceedings to define the term 'natural' [in the context of cosmetics] do not fit within [its] current health and safety priorities.") (Brackets in original, internal quotation omitted); *Goldemberg v. Johnson & Johnson Cons. Cos., Inc.*, 8 F. Supp. 3d 467, 477 (S.D.N.Y. 2014) (denying a motion to stay action regarding "Active Naturals" cosmetics because "the FDA has not begun to promulgate a rule concerning the term 'natural' in cosmetics"); *Langan v. Johnson & Johnson Consumer Co., Inc.*, 95 F. Supp. 3d 284, 293 (D. Conn. 2015) ("invoking the primary jurisdiction doctrine . . . would do little more than protract matters" in a case challenging sunscreen labeled "natural protection"); *Segedie v. Hain Celestial Grp., Inc.*, 2015 WL 2168374, at *13 (S.D.N.Y. May 7, 2015) ("The Court rejects Defendant's assertion that the FDA will imminently regulate the term 'natural.'"). Defendant's brief cites *zero* cases imposing a stay of a cosmetics action on the basis of the FDA's primary jurisdiction.[2]

In its motion to stay, Defendant acknowledges that courts have denied the same request it makes here, but argues that "the proverbial pendulum" has swung, and that courts are now "staying matters on the basis of primary jurisdiction." Mtn. to Stay, at 9:1-4. Defendant, however, overstates the matter because it primarily relies on one case for that position, *Kane v. Chobani, LLC*, 645 Fed. App'x 593 (9th Cir. 2016). *Kane* does not support a stay here for three reasons.

---

[2] Although Defendant cites *Balser v. Hain Celestial Grp., Inc.*, 2013 WL 6673617 (C.D. Cal. Dec. 18, 2013), a cosmetic case, that opinion did not address the primary jurisdiction doctrine or a motion to stay. Defendant also overlooks that the Ninth Circuit reversed the dismissal order Defendant cites, and held that "the statements that the products were 'natural' and '100% vegetarian' could be taken as a claim that no synthetic chemicals were in the products." *Balser v. Hain Celestial Grp., Inc.*, 640 Fed. Appx. 694, 696 (9th Cir. 2016).

First, *Kane* is distinguishable because, like other cases Defendant cites, it involved food labeling, not cosmetic labeling.  In contrast, in *Brenner*, 2016 WL 8192946, at *8, a cosmetics case, the district court denied a motion to stay after the Ninth Circuit's decision in *Kane*.

Second, in *Kane*, the Ninth Circuit specifically instructed on remand that if the FDA's "apparently imminent resolution of the . . . 'natural' issue[] [was] illusory," then that fact would bear on whether a continued stay was warranted.  *Kane*, 645 F. App'x at 595, n.1.  Here, Defendant submits no evidence in support of its motion that the FDA will "imminently" resolve the issue of natural labeling on foods, much less on cosmetics.  As shown in Section III(A) above, speculation that the FDA might eventually issue regulations governing cosmetics cannot support a stay under the primary jurisdiction doctrine.

Third, as the district court recently explained in *Martin v. Tradewinds Bev. Co.*, 2017 WL 1712533, at *4 (C.D. Cal. Apr. 27, 2017), *Kane* does not represent a shift in favor of application of the primary jurisdiction doctrine in "natural" labeling cases:

> [S]hortly after the decision in *Kane*, the Ninth Circuit affirmed in part and reversed in part a district court's dismissal in a case involving allegedly deceptive "all natural" claims on packaged fruit products, and remanded the case for further proceedings.  *See Brazil v. Dole Packaged Foods, LLC*, 660 Fed. Appx. 531 (9th Cir. 2016).  Significantly, the Ninth Circuit found that the district court's decision not to stay or dismiss the case under the primary jurisdiction doctrine did not constitute an abuse of discretion.  It is therefore questionable that *Kane* carries the weight Defendant ascribes to it.

The *Martin* court went on to note that in November 2016, after the *Kane* decision, another court in a natural food labeling case lifted a stay after "six months of no indication that the FDA had taken any rulemaking or informal guidance action on the question of 'natural' food labeling."  *Id.* (citing *In re Hain Celestial Seasonings Prod. Consumer Litig.*, No. 8:13-1757-AG (ANx) (Dkt. Nos. 315–317) (C.D. Cal. Nov. 7, 2016)).

**C.     The *Syntek* Factors Weigh Against A Stay**

Primary jurisdiction is a prudential doctrine that permits courts to determine "that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the

1 judicial branch." *Astiana*, 783 F.3d at 760 (quoting *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)). However, as made clear by the Ninth Circuit, "not every case that implicates the expertise of federal agencies warrants invocation of primary jurisdiction." *Astiana*, 783 F.3d at 760. Rather, the doctrine is reserved for a "limited set of circumstances" that "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Clark*, 523 F.3d at 1114. Moreover, "courts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims." *Reid v. Johnson & Johnson*, 780 F.3d 952, 967–68 (9th Cir. 2015); *United States v. Philip Morris USA Inc.*, 686 F.3d 832, 838 (D.C. Cir. 2012) ("The primary jurisdiction doctrine is rooted in part in judicial efficiency."); *Astiana*, 783 F.3d at 760 ("Under our precedent, 'efficiency' is the 'deciding factor' in whether to invoke primary jurisdiction.") (citing *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007)).

"Although the question is a matter for the court's discretion, courts in considering the issue have traditionally employed such factors as (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002).

Defendant argues that "staying the instant matter is appropriate" under *Syntek* because: (1) "this case presents an issue of first impression that has not yet been resolved by the FDA or any other authoritative body," (2) "[b]ecause the FDA is in the best position to rule on 'natural' claims," and (3) because "Plaintiffs ask this Court to impose a California-only labeling standard on cosmetic products that is in direct conflict with Congress's intent to ensure nationally uniform standards." Mtn. to Stay, at 5-6.

Each of Defendant's arguments are wrong because this case does not present an "issue of first impression," nor does it require the FDA's expertise to rule on "natural" claims.[3] The issue at

---

[3] Defendant's position that this issue presents an "issue of first impression" also ignores the fact that the FDA already has long-standing guidance on the use of the term "natural" in food products, and

hand is one that is routinely decided by courts: whether Defendant's statements that their products are "natural" are misleading to a reasonable consumer in light of the ingredients the products contain. This Court is more than capable of answering this question because "this case is far less about science than it is about whether a label is misleading. Plaintiff[s'] allegations of deceptive labeling do not require the expertise of the FDA to be resolved in the courts, as every day courts decide whether conduct is misleading." *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 898–99 (N.D. Cal. 2012); *see also Delacruz v. Cytosport*, 2012 WL 2563857, at *10 (N.D. Cal. June 28, 2012) ("The FDA's expertise ... is not necessary to determine whether the labels are misleading. The reasonable-consumer determination and other issues involved in Plaintiff's lawsuit are within the expertise of the courts to resolve."); *Johnson v. Triple Leaf Tea Inc.*, 2014 WL 4744558, at *7 (N.D. Cal. Sept. 23, 2014) ("The Court finds defendant's argument, in the absence of any further showing, insufficient to demonstrate the propriety of the Court's abstaining from deciding plaintiff's claims in order to afford the FDA the ability to first do so, particularly given there is no showing or suggestion that the FDA has expertise in analyzing false advertising claims."); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1124 (N.D. Cal. 2010) (stating that "plaintiffs advance a relatively straightforward claim: they assert that defendant has violated FDA regulations and marketed a product that could mislead a reasonable consumer.... [T]his is a question courts are well-equipped to handle.").[4] Critically, Defendant has failed to show that this Court is incapable of determining whether the Products' labeling is misleading.

Finally, Defendant's arguments in support of uniformity miss the mark. As set forth above, Plaintiffs are not "ask[ing] this Court to impose a California-only labeling standard," nor are

---

also has long warned against the misleading use of "natural" labeling. *See* Section II(A) above; *see also* 75 Fed. Reg. 63552, at 63586 (Oct. 15, 2010) (warning against the misleading use of natural labeling).

[4] *See also Nader v. Allegheny Airlines, Inc.,* 426 U.S. 290, 296–97, 305–06 (1976) ("standards to be applied in an action for fraudulent misrepresentation are within the conventional competence of the courts, and the judgment of a technically expert body is not likely to be helpful in the application of these standards to the facts of this case"); *Thurston v. Bear Naked, Inc.*, 2012 WL 12845621, at *6 (S.D. Cal. July 16, 2012) ("However, the issue here—whether Plaintiffs were misled by Defendant's labels stating that the contents were '100% Natural' or '100% Pure & Natural' when they contained allegedly unnatural ingredients—is not an issue of first impression, and does not present an issue that requires the FDA's expertise.").

Plaintiffs asking the Court to "independently decide what percentage of a cosmetic formulation may be synthetic versus natural … to justify a … 'natural' statement."  Mtn. to Stay, at 6:9-11, 20-22. This is a case about false and misleading representations on Defendant's cosmetics.  Furthermore, Defendant's "uniformity" argument is unfounded because the FDA (1) has not even begun to promulgate a rule concerning the term "natural" in food or cosmetics, (2) stated that it may never do so, and (3) specifically declined to take any action with respect to cosmetics.  *See* March 7, 2013 Letter from FDA to Joseph N. Kravek, Jr. (Plaintiffs' RJN, Ex. 7); *see also Brazil*, 660 Fed. Appx. at 533 (affirming denial of motion to dismiss or stay under primary jurisdiction doctrine).  In sum, there is no basis for the Court to invoke the doctrine of primary jurisdiction.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion to stay.

Dated: July 14, 2017            **BURSOR & FISHER, P.A.**

By:   */s/ Joel D. Smith*
        Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
            jsmith@bursor.com
            ykrivoshey@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone: (619)272-7014
Facsimile:  (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiffs*