UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GASSER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KISS MY FACE, LLC,<br><br>    Defendant. | Case No. 17-cv-01675-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. Nos. 85 & 87 |

Plaintiffs allege that Defendant Kiss My Face's representations on its products' labels are likely to deceive a reasonable consumer into thinking the products do not contain any synthetic ingredients. Defendant's motion to dismiss Plaintiffs' third amended complaint ("TAC") is pending before the Court. (Dkt. No. 85.) After considering the parties' briefs, and having had the benefit of oral argument on September 6, 2018, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.

The background and procedural history of this matter are discussed in detail in the Court's previous order on Defendant's motion for judgment on the pleadings. (*See* Dkt. No. 73.) On April 24, 2018, Plaintiff filed its TAC, bringing eight claims: (1) California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"), (2) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), (3) California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"), (4) New York's Deceptive Acts or Practices, N.Y. Gen. Bus. Law § 350 ("GBL"), (5) New York's False Advertising Law, N.Y. GBL § 350, (6) breach of express warranty, (7) unjust enrichment, and (8) fraud. (Dkt. No. 74 at ¶¶ 52-105.) On July 16, 2018, Defendant filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Pursuant to Rule 12(b)(6), Defendant moves to dismiss

1  Plaintiffs': (a) Body Wash claims; (b) Body Lotion claims; (c) Sunscreen claims; and (d) breach of
2  express warranty, unjust enrichment, and fraud claims. Pursuant to Rule 12(b)(2), Defendant
3  moves to dismiss all claims as to the putative nationwide class of consumers for lack of personal
4  jurisdiction. (Dkt. No. 85 at 2:3-19.)

## REQUEST FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court does not normally look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010). However, a court may take judicial notice of material that is submitted as part of the complaint or is necessarily relied upon by the complaint, as well as matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Defendant requests that the Court take judicial notice of the following in support of its motion to dismiss the TAC: (1) the Declaration of Heather Halpern, exhibits A to U, (Dkt. No. 89); and (2) the Declaration of Stephen Paffrath, exhibit A, (Dkt. No. 88). (*See* Dkt. No. 86.)

Several of the claims in Plaintiffs' TAC "necessarily rely" upon information contained in the exhibit to the Declaration of Stephen Paffrath; specifically—a "true and correct copy of a print out" of the webpage cited in the TAC, which defines the composition of caprylic/capric triglycerides. (Dkt. No. 74 at ¶8, n.7.) Thus, judicial notice of exhibit A to the Paffrath declaration is proper. *See Lee*, 250 F.3d at 688-89. Accordingly, the Court GRANTS Defendant's request for judicial notice of exhibit A to the Paffrath declaration.

The exhibits attached to the Halpern Declaration are not appropriate for judicial notice. Whether the labels contained therein are the only labels that were in use during the class period is not an issue of which the Court can take judicial notice. *See* Fed. R. Evid. 201(b). Accordingly, the Court DENIES Defendant's request for judicial notice of the exhibits attached to the Declaration of Heather Halpern.

**DISCUSSION**

**I.     Motion to Dismiss under Rule 12(b)(2)**

Defendant moves to dismiss the claims of putative class members pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

Defendant relies on *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017), arguing that because Plaintiffs have alleged no connection between the non-resident proposed class members' claims and Defendant's activity in the forum, specific jurisdiction is lacking for the unnamed class members residing outside California or New York. (Dkt. No. 87 at 19:18-19.) Defendant insists that "it is not enough the claims of the non-resident proposed class members are similar to those asserted by the resident." (Dkt. No. 87 at 20:18-20.)

Plaintiffs counter that, pursuant to Rule 12(g)(2), Defendant waived any challenge to personal jurisdiction by failing to assert it in Defendant's initial motion to dismiss. Plaintiff further argues that here, specific jurisdiction is not based on the claims of absent class members for two reasons: (1) the Court has specific personal jurisdiction over the nonresident, unnamed class members' claims by virtue of its jurisdiction over the named-Plaintiffs' claims; and (2) *Bristol-Myers* contemplated a mass tort and is inapposite to the subject class action. (Dkt. No. 91.)

It is undisputed that the Court has personal jurisdiction of the named plaintiffs from California and New York. As explained at oral argument, the Court does not understand how it can lack personal jurisdiction of persons who are not yet (and may never be) parties to this action, that is, the putative class members. *See Chernus v. Logitech, Inc.*, No. 17-673, 2018 WL 1981481, at *8 (D.N.J. Apr. 27, 2018) ("At this stage of litigation, no class has been certified, and therefore, to determine whether this Court has specific jurisdiction over Defendant with respect to the claims of the unnamed class members prior to class certification would put the proverbial cart before the horse.") Given that it is premature to raise a personal jurisdiction issue as to putative class members, it is likewise premature to conclude that Defendant waived its ability to challenge the personal jurisdiction of the putative class members. *Bristol-Myers* does not compel a different result as there all nonresident plaintiffs were named plaintiffs, that is, parties to the action. 137 S.

Ct. at 1778. Accordingly, at this stage of the litigation, where Defendant has brought three motions to dismiss and a motion for judgment on the pleadings, the issue of whether Plaintiffs can and/or should represent consumers outside of New York and California is an issue to be raised at class certification. *See Campell v. Freshbev, LLC*, No. 1:16-cv-7119, 2018 WL 3235768, at *2 (E.D.N.Y. July 2, 2018) ("Given the unsettled nature of the law following *Bristol-Myers*, the Court will defer on [the issue of specific jurisdiction over plaintiff's proposed out-of-state class members] until the plaintiffs brings a motion for class certification).

The Court therefore DENIES Defendant's 12(b)(2) motion to dismiss.

## II. Motion to Dismiss Under Rule 12(b)(6)

Defendant argues that Plaintiffs' CLRA, UCL, FAL, and GBL claims must be dismissed because Plaintiffs fail to allege plausible misrepresentation under the reasonable consumer standard. Furthermore, Defendant insists that Plaintiffs' breach of express warranty, unjust enrichment, and fraud claims should be dismissed for failure to allege the applicable state law under which the claims are brought.

### A. Plaintiffs' Body Wash and Body Lotion Claims

In its April 4, 2018 order granting in part Defendant's motion for judgment on the pleadings, the Court held that "'nourish naturally' cannot be construed as a representation that the product contains *only* natural ingredients, the crux of Plaintiffs' falsity allegation." (Dkt. No. 73 at 8:17-19.) "[A]s the Court previously held, a reasonable consumer would interpret 'nourish naturally' to mean that the product contains natural ingredients, rather than *only* natural ingredients." (Dkt. No. 73 at 8:4-6.) The Court therefore concluded that Plaintiffs did not plausibly allege that the Body Wash and Body Lotion label phrase "nourish naturally with our botanical blends" is likely to deceive a reasonable consumer. (Dkt. No. 73 at 8:17-27.)

In *dicta*, the Court posited two hypotheticals in which the adverb "naturally" may deceive a reasonable consumer depending on the *context* of the label, taken as a whole:

> "[N]ourish naturally" could *perhaps* reasonably be interpreted as that most of the ingredients are natural; indeed, the statements might be false if there was only one natural ingredient in the product. But that is not Plaintiffs' allegation. Or *perhaps* it could be construed as a representation that the active, effective ingredients—those that

4

        nourish—are natural. Again, Plaintiffs do not allege that such a representation is false.

(Dkt. No. 73 at 8:22-27.) The Court granted Plaintiffs leave to amend because "Plaintiffs allege[d] for the first time that ethylhexylglycerin and butyloctyl salicylate are conditioning agents" but otherwise failed to "explain what that means." (*See* Dkt. No. 73 at 9:2-5, 9:3-5) ("[T]he Court cannot conclude as a matter of law that [ethylhexylgycerin and butyloctyl salicylate] are not active ingredients that provide the 'nourishment' or make the product 'effective' simply because Plaintiffs alleged the ingredients are conditioning agents.")

        Plaintiffs now allege that the labeling is misleading because ethylhexylglycerin is a "synthetic ingredient that purportedly provides nourishment" and that "butyloctyl salicylate is a 'synthetically produced ester of salicylic acid and a defined branched C12 alcohol, 2-Butyloctanol,' and provides 'a pleasant, moisturizing skin feel.'" (Dkt. No. 74 at ¶¶ 6-7.) Plaintiffs also allege that the natural ingredients Defendant advertises as providing nourishment are "buried" within the product's ingredient list beneath active, synthetic ingredients such as caprylic/capric tryglyceride. (Dkt. No. 74 at ¶ 8.) Plaintiffs further allege, for the first time, that caprylic/capric tryglyceride is an *active* synthetic ingredient that "nourishes" and makes Defendant's moisturizers and body wash products "effective." (Dkt. No. 74 at ¶¶ 6-8.)

### a) Body Wash Claims

        Relying on the exhibits attached to the Declaration of Heather Halpern (Dkt. No. 89), as well as her declaration testimony, Defendant contends that its product labels contradict Plaintiffs' claims. In particular, Defendant argues that the only synthetic ingredient in its Body Wash products is phenoxyethanol—a preservative rather than an active or "nourishing" ingredient.

        Plaintiffs respond that "Defendant appears to be correct when it states that butyloctyl salicylate and caprylic/capric triglyceride were not included in the Body Wash products." (Dkt. No. 91 at 12:10-11.) Rather, Plaintiffs "respectfully stand by their position that the presence of phenoxyethanol and ethylhexylglcyerin supports their claims," and "do not seek reconsideration of the Court's prior ruling on that issue," but instead "reiterate their position here only to preserve the issue for appeal." (*Id*. at 12:11-15.)

1  Accordingly, the Court GRANTS Defendant's motion to dismiss the Body Wash Claims

2  without leave to amend, but preserving Plaintiffs' argument that the Court incorrectly ruled that

3  the presence of the preservative alone would not deceive a reasonable consumer.

### b) Body Lotion Claims

In the TAC, Plaintiffs allege that caprylic/capric tryglyceride is an *active* synthetic ingredient that "nourishes" and makes Defendant's moisturizers and Body Lotion products "effective." (Dkt. No. 74 at ¶¶ 6-8.)

Defendant contends that its Body Lotion products do not contain any synthetic ingredients to the extent that those products' labels would mislead a reasonable consumer; specifically, Defendant insists that: (1) butyloctyl salicylate is absent in its Body Lotion products; (2) etheylhexylglycerin is present in very small amounts, consistent with its recognized use as a preservative, not a conditioning agent; and (3) Plaintiffs' complaint cites a source that states caprylic/capric triglyceride is a natural derivative of coconut. (Dkt. No. 87, at 14:8-16:3.)

Plaintiffs do not dispute Defendant's contention that its Body Lotion products are devoid of butyloctyl salicylate. Nor do Plaintiffs dispute Defendant's contention that etheylhexylglycerin is present in very small amounts, consistent with its recognized use as a preservative, and not as a conditioning agent. Plaintiffs' main counter argument is that caprylic/capric tryglyceride is synthetic because it is comprised, in part, of glycerin—a substance that Plaintiffs argue is synthetic. Plaintiffs point to a United States Department of Agriculture regulation, 7 C.F.R. § 205.2, to support their contention that caprylic/capric triglyceride is a synthetic because it "chemically changes" coconut oil by adding glycerin to it. 7 C.F.R. § 205.2. Plaintiffs argue that whether caprylic/capric triglyceride is a naturally derived substance is a factual dispute not susceptible to resolution on a motion to dismiss. The Court agrees.

While the Court took judicial notice of the website attached to the Declaration of Stephen Paffrath, it cannot take judicial notice that the content of the website is true. *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010). To accept the content for the truth of the matter asserted would be improper hearsay. *See* Fed. R. Evid. 801(c)(2), 802; *DMC Closure Aversion Comm. v. Goia,* No. 14–CV–03636–WHO, 2014 WL 4446831, at *8 n.12

1 (N.D.Cal. Aug. 29, 2014) ("[P]laintiffs' attempt to request judicial notice of newspaper articles and other media accounts a[re] improper hearsay."). Thus, on this motion to dismiss, the Court must accept as true Plaintiffs' allegation that caprylic/capric triglyceride is a synthetic ingredient that "nourishes." Whether the evidence will support that allegation is an issue for summary judgment.

It is plausible that a reasonable consumer would interpret the phrase "nourish naturally with our botanical blends" as an advertisement that the product's nourishing ingredients are all natural. Moreover, the context in which the products' labels advertise the phrase "nourish naturally"—the depictions of leaves and flowers, statements emphasizing natural ingredients like woodland pine or ginseng, or statements suggesting that the product is suitable for "sensitive skin"—further suggests that the nourishing ingredients are natural. (*See* Dkt. No. 73 at 8:19-22.) Plaintiffs now allege that caprylic/capric tryglyceride is an *active* synthetic ingredient that "nourishes" and makes Defendant's moisturizers and body wash products "effective." (Dkt. No. 74 at ¶¶ 6-8.) Thus, Plaintiffs have adequately alleged that Defendant's Body Lotion Products are likely to deceive a reasonable consumer into thinking the Products' nourishing ingredients are natural and not synthetic.

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiffs' Body Lotion claims.

### B. Plaintiffs' Sunscreen Claims

In its April 4, 2018 order, the Court held that Plaintiffs plausibly alleged that the phrases "100% natural mineral advanced protection" and "100% natural mineral hydrating defense" on the Sunscreen products could deceive a reasonable consumer into believing that the products were 100% natural. (Dkt. No. 73 at 9:10-17.)

Defendant contends that only two of the eight sunscreen products identified in the TAC contain the "100% natural mineral" labeling Plaintiffs allege. Thus, Defendant argues Plaintiffs' complaint as to these remaining six products should be dismissed: (1) the Sun Spray Lotion Value Size SPF 30 Cool Sport only used the phrase "natural coconut fragrance"; (2) SPF 30 Mineral Sunscreen Lotion Baby's First Kiss has never been manufactured; (3) neither of the two Baby's First Kiss Sunscreen products ever carried a "100% natural mineral" claim; and (4) the remaining

7

two products, at various times, included on their labels the "nourish naturally" and "obsessively natural kids" labeling the Court has already determined do not mislead consumers into believing the products are completely without "synthetic" ingredients. Each of Defendant's contentions , however, necessarily rely on the testimony in the Declaration of Heather Halpern, which the Court cannot consider on a motion to dismiss.

Accordingly, Defendant's motion to dismiss Plaintiffs' claims as to the Sunscreen products is DENIED.

### C. Plaintiffs' Common-Law Claims

Plaintiffs bring their breach of express warranty, unjust enrichment, and fraud claims against Defendant on behalf of the proposed nationwide class, California subclass, and New York subclass. (Dkt. No. 74 at ¶¶ 89-105.) The Court has already determined that Plaintiffs' allegations for its claims grounded in fraud have met the heightened pleading standard for Rule 9. (Dkt. No. 54 at 11:6-16.)

Defendant argues that these three common-law claims should be dismissed for failure to allege the state law under which they are brought. (Dkt. No. 87 at 19:6-17.) Defendant's argument relies on *In re Nexus 6P Products Liability Litigation*, 293 F. Supp. 3d 888 (N.D. Cal. 2018), in which the court dismissed class action plaintiffs' unjust enrichment claim for failure to identify the applicable state law. *See In re Nexus*, 293 F. Supp. 3d at 933 (citing *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016); and *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011)).

Plaintiffs counter that because Defendant has filed two motions to dismiss, an answer, and one motion for judgment on the pleadings, Defendant is precluded under Rule 12(g)(2) from making this argument in a successive Rule 12 motion for failure to state a claim. Plaintiffs argue that the Court should decline to exercise its discretion to address the new argument at this "late" stage of the proceedings for several reasons: (1) the purported defect could have been cured via amendment in the SAC had Defendant raised the issue before; (2) in the prior motions, both parties and the Court assumed that New York and California law governed the common-law

8

claims; and (3) if Defendant means to argue that Plaintiffs are required to plead the governing law of absent class members outside of New York and California, the choice-of-law issue must be addressed at class certification, not the pleading stage. (Dkt. No. 91 at 18:14-19:12.) Indeed, Defendant only now argues that Plaintiffs' claims of breach of warranty, unjust enrichment, and fraud are deficient for failure to identify the underlying state law. In a prior motion to dismiss, Defendant assumed these three claims were brought under California law. (*See* Dkt. No. 14 at 22:10-11) (citing California law for breach of warranty claim); 23:18-22 (citing California law for unjust enrichment claim); and 24:8-10 (citing California law for fraud claim.) Rather than dismiss these claims with leave to amend and go through yet another round of Rule 12 proceedings, it is in the best interests of all parties to resolve this issue with a contention interrogatory. Thus, Defendant may submit a contention interrogatory requesting that Plaintiffs identify what state law applies to their common-law claims.

Accordingly, Defendant's motion to dismiss the common-law claims is DENIED.

## CONCLUSION

For the reasons stated above, the Court: (1) GRANTS Defendant's motion for judicial notice of the exhibit attached to the Paffrath Declaration (Dkt. No. 88); (2) DENIES Defendant's motion for judicial notice of the exhibits attached to the Halpern Declaration (Dkt. No. 89); (3) DENIES Defendant's motion to dismiss for lack of personal jurisdiction; (4) GRANTS Defendant's motion to dismiss Plaintiffs' Body Wash claims without leave to amend; (5) DENIES Defendant's motion to dismiss Plaintiffs' Body Lotion claims; (6) DENIES Defendant's motion to dismiss Plaintiffs' Sunscreen claims; and (7) DENIES Defendant's motion to dismiss Plaintiffs' nationwide unjust enrichment, breach of express warranty, and fraud claims.

**IT IS SO ORDERED.**

Dated: September 21, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge